EUGENE D. CUMMINGS *vs.* PENELOPE T. CUMMINGS.

PROVIDENCE—JANUARY 11, 1904.

PRESENT: Stiness, C. J., Douglas and Blodgett, JJ.

(1)  *Ante-Nuptial Agreement.  Husband and Wife.  Injunctions.*

Plaintiff's intestate and defendant (widow of intestate) in contemplation of their approaching marriage, executed an agreement under their hands and seals, and duly acknowledged, by which they agreed that each should have and enjoy the separate use and disposal of their separate property during their lives, and in case of the death of either the survivor would not claim either dower or courtesy, or any interest or right in the property of the decedent, but that the same should go to the devisees by will

or descend to the heirs of the decedent. On petition of defendant for assignment of dower and allowance from the personal estate of intestate, alleging fraud on part of intestate whereby she was induced to sign the agreement, of the contents of which she was ignorant, and failure on part of intestate to perform the agreement:—

*Held*, that, the facts not supporting defendant's contention, and there being nothing inequitable or improvident in the arrangement, defendant would be enjoined from prosecuting her petition.

PER CURIAM. The plaintiff is the sole heir and administrator of the estate of George N. Cummings, who was married to the defendant April 19, 1882, and died intestate April 20, 1902.

(1) On April 18, 1882, the plaintiff's intestate and the defendant, in contemplation of their approaching marriage, executed an agreement under their hands and seals, and duly acknowledged the same before a notary public, by which they mutually agreed that each of the parties should have and enjoy the separate use and disposal of his separate property of every kind during their lives, and that in case of the death of either the survivor would not claim either dower or courtesy, or any interest or right in the property of the decedent, but that the same should go to the devisees by will or descend to the heirs of such decedent as if no marriage had taken place.

Notwithstanding the execution of this agreement, the defendant, since the death of her husband, has commenced proceedings in the Probate Court for the assignment of dower in his real estate and for an allowance from his personal estate; and this suit is brought to enforce said agreement and to enjoin her from prosecuting said proceedings.

The defences set up by the answer are that the defendant was induced by fraud and misrepresentation of George N. Cummings to sign an agreement with him, of the contents of which she was ignorant, and that the said George N. Cummings did not fulfill a certain part of the agreement relating to the use of their several incomes for their mutual benefit during their joint lives.

We find in the evidence no substantial foundation for these allegations.

The contracting parties were of the ages of fifty-nine and

34

sixty years, of sound mind and body and of competent intelligence. Each of them had real estate which produced an income. The instrument was read to them in their presence and hearing, and the defendant signed and acknowledged the same without protest. The magistrate who took her acknowledgment testifies that he explained to her the meaning of the document and its effect. The defendant denies that explanations were given her, but all who were present say that the paper was read to her before it was signed Other witnesses testify, and she denies, that she expressed satisfaction that such an instrument had been made. There is also contradictory testimony as to the provision which the husband made for her out of his income. From all the evidence we think the fact to be that the parties lived together for twenty years in substantial concord, the husband controlling and expending the income of his own property and out of it providing comfortably for the house, and the wife controlling and expending the income of her own property for her clothing and personal uses as she saw fit. We do not find that she was denied any reasonable request which she made, or that she was treated in any way contrary to the spirit of the agreement. It is not improbable that, as some of the witnesses testify, she preferred to do her own housework at times rather than to oversee a servant. Her continuous good health until her husband's last sickness, when her labors were assisted by a servant and a nurse, forbids the impression that she was subjected to overwork or deprivation to any considerable degree. We do not find anything inequitable or even improvident in the arrangement made by the agreement. Each of the parties already had a child, and it was not unwise, if the parties chose to do so, to provide against possible complications by fixing the rights of inheritance of these children in the estates of their respective parents free from obligations and claims arising from the matrimonial alliance.

The prayer for an injunction is granted.

*Albert D. Bean and Warren R. Perce*, for complainant.

*Samuel W. K. Allen*, for respondents.